IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **CONSORCIO DE EMPRESAS MENDOCINAS PARA POTRERILLOS S.A.**<br><br>Plaintiff,<br><br>v.<br><br>**NODUS INTERNATIONAL BANK, INC**.<br><br>Defendant. | CIVIL No.:<br><br><br><br>RE: BREACH OF CONTRACT; DAMAGES; VIOLATION TO PUERTO RICO'S COMMERCIAL TRANSACTIONS ACT; AND DECLARATORY JUDGMENT |

**COMPLAINT**

TO THE HONORABLE COURT:

COMES NOW, plaintiff Consorcio de Empresas Mendocinas para Potrerillos S.A. (hereinafter, "CEMPPSA"), and through its attorneys respectfully brings this action for breach of contract, damages, violation of Puerto Rico's Commercial Transactions Act and, alternatively, request for declaratory judgment, and in support therefor STATES, ALLEGES, and PRAYS as follows:

## I. NATURE OF THE PROCEEDINGS

1. This is claim for breach of contract, damages, violation of Puerto Rico's Commercial Transactions Act and, alternatively, a request for declaratory judgment against NODUS International Bank, Inc. (hereinafter, "NODUS") for its default on its contractual obligations pursuant to *Contract for Commercial Deposit Accounts*, for its failure to execute a transfer of funds ordered by CEMPPSSA for **$6,500,000.00.**

## II. JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 because CEMPPSA and NODUS are citizens of different nations and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) and 1391(c)(2). as it is the judicial district where defendant resides.

### III. THE PARTIES

4. Plaintiff, Consorcio de Empresas Mendocinas para Potrerillos S.A. is a corporation organized, existing, and in good standing, under the laws of Argentina. CEMPPSA's principal office is located in Ruta Provincial 82. Kilometro 27 SN CP: 5507 - Luján de Cuyo, Mendoza, Argentina.

5. Defendant, NODUS International Bank, Inc. is a corporation duly organized under the laws of the Commonwealth of Puerto Rico. NODUS's principal office is located in 252 Ponce de Leon Ave, Citi Towers Buildings Suite 1501, SAN JUAN, PR, 00918.

6. Thus, complete diversity between Plaintiff and Defendant exists.

### IV. STATEMENT OF FACTS

7. NODUS operates as an international banking entity ("IBE") under Puerto Rico Law No. 52, enacted on August 11, 1989, as amended; also known as the *International Banking Center Act* ("Act No. 52-1989"). 7 L.P.R.A. § 232 et seq.

8. In its relevant part, Act No. 52-1989 allows IBEs, such as NODUS, to "[a]ccept deposits from foreign persons", such as CEMPPSA, and "[m]ake or place deposits […] in any international banking entity." 7 L.P.R.A. § 232j(1) and (3).

9. In December 2020, CEMPPSA opened commercial account with NODUS (hereinafter, "Account XXXXXX208" or "Account"). When opening Account No. XXXXXX208, the parties entered a *Contract for Commercial Deposit Accounts*.

10. Following its opening, CEMPPSA made recurring deposits into the Account.

11. On November 30, 2022, CEMPPSA's shareholders held a meeting (hereinafter, "November Shareholders' Meeting"), where – in its relevant part – they approved a capital reduction.

12. To pay for the capital reduction, on January 31, 2023, at 11:32 a.m., CEMPPSA sent NODUS's Client Management Division a dully executed *Fund Transfer Request Form*. The

*Fund Transfer Request Form* was executed by Mr. Sebastian Sánchez and Mr. Francisco J. Lettry, authorized representatives of CEMPPSA, as reflected in NODUS's records.

13. Therein, CEMPPSA requested NODUS to transfer **$6,500,000.00** from Account XXXXXX208 to an account in Credit Suisse AG that belongs to the BAF LATAM CREDIT FUND B.V. (hereinafter, "BAF Fund"), entity that owns 98% of CEMPPSA's equity, as informed in NODUS's *Registration Form – Entity* submitted when opening the Account.

14. Along with the *Fund Transfer Request Form,* CEMPPSA's also sent NODUS the minutes for the November Shareholders' Meeting (hereinafter, "Shareholders' Minutes") where the shareholders' decision to implement a capital reduction is memorialized.

15. At that time, CEMPPSA's Account No. XXXXXX208 had a balance of **$6,586,917.66**.

16. On that same date, at 1:51 p.m., the Client Management Division sent the *Fund Transfer Request Form* to NODUS's Transfer Division.

17. On February 1, 2023, at 11:14 a.m., NODUS's Transfer Division assigned number 200808 to CEMPPSA's request (hereinafter, "*Transfer No. 200808*").

18. On that same date, at 2:25 p.m., Mr. Lettry sent an e-mail to NODUS's Transfer Division inquiring the estimated time required to complete *Transfer No. 200808*.

19. At 5:55 p.m., NODUS's Chairman, Mr. Juan F. Ramírez Silva, replied to inform Mr. Lettry that he would provide a response after making the necessary inquiries.

20. On February 7, 2023, NODUS's Client Management Division sent an e-mail to Mr. Lettry with two (2) observations regarding *Transfer No. 2000808*. First, NODUS noted that the amount approved for the capital reduction did not match the requested transfer amount in the *Fund Transfer Request Form*. Second, considering that the purpose of the transfer was to implement a capital reduction, NODUS wanted to clarify why the beneficiary of the *Fund Transfer Request Form* was the BAF Fund.

21. In response, on the same date, Mr. Lettry responded to NODUS's observations. To that end, he clarified that: (1) the amount approved for the capital reduction was reflected in Argentinian Pesos; and (2) the purpose of the transfer was to satisfy the obligations that were generated in favor of the BAF Fund – as shareholder of CEMPPSA – because of the capital reduction.

22. Mr. Lettry followed up on the status of the requested transaction on February 8, 2023, at 10:19 a.m.

23. Later that day, at 3:42 p.m., NODUS's Client Management Division **informed that *Transfer No. 200808* was authorized and was being processed**.

24. On February 10, 2023, Mr. Lettry sent an e-mail to NODUS's Client Management Division inquiring about the status of the authorized transaction since it was not reflected in Account No. XXXXXX208. Mr. Lettry's e-mail went unanswered.

25. On February 14, 2023, at 10:53 a.m., Mr. Lettry sent another e-mail to NODUS's Client Management Division following up on this matter.

26. On the same date, at 12:48 p.m., NODUS's Client Management Division informed that *Transfer No. 200808* was voided, in consideration of NODUS's "internal policies".

27. In response, Mr. Lettry sent an e-mail to NODUS's Client Management Division requesting a detailed explanation for said determination. Furthermore, Mr. Lettry argued that the voiding of *Transfer No. 200808* could not be justified by a vague reference to NODUS's internal policies. However, Mr. Lettry's communication went unanswered.

28. On February 15, 2023, at 4:28 p.m., through Mr. Pablo J. Torretta, CEMPPSA's Argentinian counsel, sent an e-mail to NODUS in connection with its denial of *Transfer No. 200808*. Mr. Torretta explained that: (1) the fund transfer was necessary to satisfy CEMPPSA's obligations that were generated in favor of the BAF Fund because of the capital reduction; (2) failure to satisfy the obligations would lead CEMPPSA to an involuntary violation of Argentinian

law; (3) CEMPPSA provided all the necessary forms, documents and/or information requested by NODUS to approve and process *Transfer No. 200808*; (4) NODUS had previously informed that *Transfer No. 200808* was approved and was being processed; (5) the funds being transferred were CEMPPSA's property and the individuals that requested the *Transfer No. 200808* were duly authorized representatives of CEMPPSA; and (6) NODUS's determination was causing damages to CEMPPSA.

29. Although CEMPPSA and NODUS exchanged additional communications with regards to this matter; to this date, NODUS has yet to execute the requested transfer of funds and has yet to provide a justified explanation for voiding *Transfer No. 200808*.

### V. CLAIMS FOR RELIEF

#### A. First Cause of Action – Breach of Contract.

30. CEMPPSA restates and incorporates the allegations contained in the paragraphs 1 through 29.

31. When opening Account No. XXXXXX208, the parties entered a *Contract for Commercial Deposit Accounts*.

32. Pursuant to said *Contract*, CEMPPSA – and its authorized representatives – has the right to make withdrawals and/or transfers up to the total balance of funds in the Account.

33. The facts of the case demonstrate that, CEMPSSA requested NODUS – using the appropriate Form and submitting the necessary information – to transfer **$6,500,000** from Account No. XXXXXX208 to the BAF Fund's account. At that time – and at the time of filing the instant *Complaint* – the Account held enough funds to cover said transaction.

34. In attention to the above, on February 8, 2023, NODUS **authorized** the referenced transaction. However, six (6) days later, on February 14, 2023, NODUS voided the transaction without any valid justification under the *Contract*.

35. CEMPPSA requested NODUS, on numerous occasions and through different channels of communication, to provide a valid justification for its decision to void the referenced transaction. Notwithstanding, NODUS never provided a reasonable explanation for its decision, nor performed its obligation to transfer the referenced funds, nor provided a reasonable alternative to resolve this situation.

36. Consequently, through its deliberate and grossly negligent conduct, NODUS violated CEMPPSA's rights under the *Contract* and, simultaneously, breached its obligations under said agreement.

37. Pursuant to Article 1254 of Puerto Rico's Civil Code, 31 P.R. Laws Ann. § 9823, CEMPPSA is entitled to request the specific performance of the *Contract*; that is, CEMPPSA is entitled to demand that NODUS transfer **$6,500,000.00** from Account No. XXXXXX208 to the BAF Fund's account per the instructions in the Fund Transfer Request Form.

38. Additionally, under Articles 1158, 1167, 1168, 1169 and 1254 of the Puerto Rico Civil Code, CEMPPSA is entitled to an award of damages for NODUS's breach of its obligations, including any/and all applicable interests. *See* 31 P.R. Laws Ann. §§ 9303, 9331, 9332, 9333, 9823*.*

**B. Second Cause of Action – Damages.**

39. CEMPPSA restates and incorporates the allegations contained in the paragraphs 1 through 38.

40. Under Article 1536 of the Puerto Rico Civil Code, a person who through fault or negligence causes injury to another is obligated to repair it. 31 P.R. Laws Ann. § 10801.

41. NODUS, through deliberate and grossly negligent conduct, caused injury to CEMPPSA by refusing to process – and eventually voiding – authorized *Transfer No. 200808*.

42. Because of NODUS's deliberate and grossly negligent actions, CEMPPSA risks defaulting its obligations to the BAF Fund and risks legal recourse in its home country for potential violations to Argentinian law.

43. Furthermore, NODUS's deliberate and grossly negligent actions have caused CEMPPSA to suffer an increase in administrative and legal costs.

44. Under Puerto Rico law, "if a party is damaged by acts or omissions that constitute both a breach of contract and a breach of duty, the damaged party may make a tort claim based on the breach of contract." *Redondo Const., Co. v. Izquierdo*, 929 F. Supp. 2d 1, 12 (D.P.R. 2012)(citing *P.R. Aqueduct & Sewer Authority v. Constructora Lluch,* 169 F.3d 68, 79 (1st Cir.1999)). In the instant case, NODUS' deliberate and grossly negligent conduct, constitutes both a breach of contract and a violation to Puerto Rico's general tort statute.

45. Consequently, pursuant to Article 1536 of the Puerto Rico Civil Code, CEMPPSA is also entitled to an award of damages for the injuries it has suffered and continues to suffer from NODUS' deliberate and grossly negligent actions. *See* 31 P.R. Laws Ann. § 10803.

**C. Third Cause of Action – Violation of Puerto Rico's Commercial Transactions Act.**

46. CEMPPSA restates and incorporates the allegations contained in the paragraphs 1 through 45.

47. Chapter 4 of Puerto Rico's Commercial Transactions Act applies to funds transfers as defined therein. *See* 19 P.R. Laws Ann. §§ 1022 and 1024.

48. As previously highlighted, on February 8, 2023, NODUS **authorized** *Transfer No. 200808*; therefore, it expressly agreed to accept CEMPPSA's payment order pursuant to Section 4-209 of the Commercial Transactions Act. *See* 19 P.R. Laws Ann. §§ 1059.

49. Once accepted, NODUS was obligated "to issue, on the execution date, a payment order complying with [CEMPPSA]'s order and to follow [CEMPPSA]'s instructions." 19 P.R. Laws Ann. §§ 1102 (a) (1).

50. Considering that NODUS failed to execute CEMPPSA's expressly authorized payment order, "the receiving bank is liable to the sender for its expenses in the transaction and for incidental expenses and interest losses resulting from the failure to execute […]" 19 P.R. Laws Ann. §§ 1105 (d) (emphasis provided).

51. Furthermore, the Commercial Transactions Act states that, if the express agreement does not provide for damages, the claiming party may be awarded attorneys' fees if an extrajudicial demand is made under Section 4-305 (d) – and denied – before the filing of the complaint. In this case, said demand was made and ignored prior to the filing of the *Complaint*.

52. Taking the applicable law and the facts of the case into account, NODUS is liable for CEMPPSA's expenses in the transaction, incidental expenses and interest losses for its failure to execute the payment order in question.

**D. Fourth Cause of Action – Declaratory Judgment.**

53. CEMPPSA restates and incorporates the allegations contained in the paragraphs 1 through 52.

54. The facts of the case demonstrate that there is "'a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Xynergy Healthcare Cap. II LLC v. Municipality of San Juan*, 516 F.Supp.3d 137, 145 (D.P.R. 2021)(internal citations omitted).

55. Therefore, a declaratory judgment would "clarify the legal questions at issue and expedite resolution of the controversy." *Richmond Steel, Inc. v. Legal and General Assur. Soc., Ltd.*, 799 F. Supp. 234, 237 (D.P.R. 1992).

56. If CEMPPSA's first, second and third causes of action were to be denied, CEMPPSA alternatively requests the Court to issue a declaratory judgment to the effect that CEMPPSA's transfer request was valid and that NODUS is obligated to transfer from the Account

$6,500,000.00 to the BAF Fund's account per the instructions in the *Fund Transfer Form* and as authorized in *Transfer No. 200808*.

WHEREFORE, CEMPPSA respectfully requests from this Honorable Court that it enter judgment granting CEMPPSA's *Complaint* against NODUS and ordering NODUS:

1) To withdraw from the Account and transfer $6,500,000.00 to the BAF Fund as authorized in *Transfer No. 200808*.

2) To pay CEMPPSA an award of damages for breach of the *Contract* between the parties;

3) To pay CEMPPSA an award of damages for NODUS's tortious conduct;

4) To pay CEMPPSA expenses in the transaction, incidental expenses, interest losses, and or attorney's fees for its violations to Puerto Rico's Commercial Transactions Act;

5) To pay CEMPPSA the attorney's fees and costs incurred in pursuing the instant *Complaint*; and

6) Granting such other and further relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 20th day of March 2023.

**McCONNELL VALDÉS LLC**
270 Muñoz Rivera Ave.
San Juan, PR 00918
P.O. Box 364225
San Juan, PR 00936-4225
T. 787.250.5632
F. 787.759.8282
www.mcvpr.com

*s/ Alejandro J. Cepeda-Díaz*
Alejandro J. Cepeda-Díaz
USDC-PR No. 222110
ajc@mcvpr.com


*s/ Diego R. Meléndez-Apellániz*
Diego R. Meléndez Apellániz
USDC-PR No. 305008
drma@mcvpr.com

## **PROOF OF SERVICE**

It is hereby certified that the foregoing document was filed with the Clerk of this Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

In San Juan, Puerto Rico, this 20th day of March 2023.

*s/ Alejandro J. Cepeda-Díaz*
Alejandro J. Cepeda-Díaz
USDC-PR No. 222110
ajc@mcvpr.com
