**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

**CONSORCIO DE EMPRESAS
MENDOCINAS PARA POTRERILLOS
S.A.**,
    Plaintiff,

v.

**NODUS INTERNATIONAL BANK, INC.**,
*et al.*,
    Defendants.

Civil No. 23-1132 (SCC)

## ORDER

    Consorcio de Empresas Mendocinas para Potrerillos S.A. ("CEMPSSA") brought this action against Nodus International Bank, Inc. ("Nodus") and its two principal shareholders and officers, Tomas Niembro-Concha ("Niembro-Concha") and Juan Ramirez-Silva ("Ramirez-Silva" and collectively with Nodus and Niembro-Concha, the "Defendants"). CEMPSSA alleges that Defendants are liable for breach of contract, breach of the implied covenant of good faith and fair dealing, contractual dolo, deceit, fraud, and violation of the Puerto Rico Commercial Transactions Act. Defendant Niembro-Concha moved to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6). Dkt. 61. Defendant Ramirez-Silva had previously moved to dismiss on different grounds (*see* Dkt. 60), but now seeks to adopt, for his own benefit, the arguments raised in Niembro-Concha's motion to dismiss. Dkt. 71. CEMPSSA opposed, Dkt. 74, and Ramirez-Silva replied, Dkt. 81. The motion was referred to me for disposition. Dkt. 85.

    FRCP 10(c) provides that "[a] statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion." Ramirez-Silva posits that FRCP 10(c) allows him to adopt the arguments raised by Niembro-Concha in his motion and asserts that such arguments apply identically to him. Dkt. 71. CEMPSSA's opposition is based on prejudice, since they did not have an opportunity to respond to the arguments as applied to

Ramirez-Silva. *See* Dkt. 74. Ramirez-Silva, in turn, counters that the allegations in the complaint refer to each of the Nodus directors interchangeably, thus nullifying any unfairness to CEMPSSA in allowing him to adopt the arguments in Niembro-Concha's motion. *See* Dkt. 81.

After considering relevant law, the parties' contentions, and the circumstances of this case, I am granting Ramirez-Silva's motion. While FRCP 10(c) arguably only allows parties to adopt statements in pleadings (not including motions), courts occasionally allow parties to adopt statements in motions. *See Rivera v. Mora Dev. Corp.*, 624 F. Supp. 3d 80, 85 (D.P.R. 2022) (defendant was allowed to adopt arguments raised in their prior motion to dismiss in a new motion to dismiss after plaintiff filed an amended complaint raising no new factual allegations relevant to that defendant); *Doyle v. Hogan*, Civil No. DKC 19-0190, 2019 U.S. Dist. LEXIS 128367, 2019 WL 3500924, at *18-19 (D. Md. Aug. 1, 2019) (allowing defendant to adopt arguments raised in their opposition to plaintiff's motion to dismiss in their own motion to dismiss, noting that "other federal district courts have allowed incorporation by reference under similar circumstances"). *But see Marco Int'l, LLC v. Como-Coffee*, LLC, No. 17-cv-10502, 2018 U.S. Dist. LEXIS 63249, 2018 WL 1790171, at 1 n.1 (E.D. Mich. Apr. 16, 2018) ("Rule 10(c) merely provides that a statement made *in a pleading* may be adopted by reference elsewhere…[d]ocuments that constitute pleadings are specifically enumerated in [FRCP] 7(a), and a motion (or a response to a motion) is not a pleading.") (emphasis in original). In this case, CEMPSSA's complaint largely refers to Niembro-Concha and Ramirez-Silva interchangeably, with the relevant conduct attributed to them collectively. *See* Dkt. 29 at ¶¶ 33-42. Further, Niembro-Concha's arguments mostly raise general issues with CEMPSSA's pleading, such as alleging failure to plead fraud with particularity, rather than being related to him specifically. *See* Dkt. 61 at 5-9. The exception, that Nodus's corporate shield protects Niembro-Concha with respect to the allegations in the complaint, applies equally

to Ramirez-Silva. Last, CEMPSSA fails to explain how they would be prejudiced if Ramirez-Silva's motion were granted. Despite claiming that they lost a chance to rebut Niembro-Concha's arguments as applied to Ramirez-Silva, they have not presented any argument specific to Ramirez-Silva that they would actually like to make. Given the above, Ramirez-Silva's motion is **GRANTED**. The arguments made by Niembro-Concha in in his motion to dismiss will be credited to Ramirez-Silva.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 26th day of November, 2024.

/**s/ Bruce J. McGiverin**
BRUCE J. MCGIVERIN
United States Magistrate Judge